UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| MINNIE WARREN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil No. : 7:18-cv-00101-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HIGHLANDS REGIONAL MEDICAL | ) | **&** |
| CENTER, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the United States' Motion to Dismiss for Lack of Jurisdiction. Plaintiff Minnie Warren initiated this medical malpractice action following treatment she received at Highlands Regional Medical Center at the hands of Dr. Antara Pothuloori, an employee of Big Sandy Health Care. Because Big Sandy Healthcare and Dr. Pothuloori are classified as federal employees under the Federally Supported Health Centers Assistance Act, Ms. Warren is required to exhaust administrative remedies prior to initiating suit, absent some extenuating circumstance. For the reasons set forth below, the United States' Motion to Dismiss [R. 4] will be GRANTED.

I

Plaintiff Minnie Warren filed suit in Floyd County Circuit Court on June 11, 2018 against Defendants Highlands Regional Medical Center, Big Sandy Health Care, and Dr. Antara Pothuloori for personal injury resulting from medical malpractice. [R. 1-1.] On June 23, 2016, Ms. Warren underwent surgery at the hands of Dr. Antara Pothuloori at Highlands Regional

Medical Center. *Id.* Ms. Warren alleges that during surgery Dr. Pothuloori carelessly, negligently, or grossly negligently sewed Ms. Warren's left ureter to her left kidney. *Id.* at 5. This necessitated an additional ten surgical procedures to repair and mitigate damage. *Id.* Unbeknownst to Ms. Warren, at all relevant times, Dr. Pothuloori was an employee of Big Sandy Health Care, which received federal funding pursuant to the Federally Supported Health Centers Assistance Act (FSHCAA). [R. 3-1.] Claims against such health entities and their employees may only be brought in accordance with the Federal Tort Claims Act (FCTA). When a health center such as Big Sandy or its employee is sued for medical torts, the employee is dismissed, and the United States substituted as the sole defendant. 28 U.S.C. § 2679(d)(2). Therefore, the United States removed this action from Floyd County to this Court, and shortly thereafter moved to substitute itself as a party. [R. 1; R. 3.] This Court granted the motion to substitute, and defendants Big Sandy Health Care and Dr. Antara Pothuloori were dismissed from the action. [R. 7.]

      Now, the United States has moved to dismiss claims against it on the grounds that Ms. Warren failed to exhaust her administrative remedies under the FTCA prior to initiating suit in state court. [R. 4.] Ms. Warren does not dispute that she has not exhausted her administrative remedies; in fact, she readily admits she has not. [R. 5.] However, Ms. Warren argues that she is entitled to equitable tolling as to her claims against the United States. Should this Court dismiss Ms. Warren's claims against the United States, she would not now be able file an administrative claim because the statute of limitations has passed. *See* 28 U.S.C. § 2401(b). Ms. Warren argues that such a result would be unfair, because she "was given no information or notice from Dr. Pothuloori or Highlands Regional Medical Center that any potential malpractice suits would be barred under Federal law." [R. 5 at 2.] In contrast, the United States argues that

the exhaustion requirement of the FTCA is a jurisdictional prerequisite without which this Court lacks subject matter jurisdiction over the claims against the United States.

## II

### A

Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) come in two varieties: a facial attack or a factual attack. *Gentek Bldg. Prods., Inc., v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack "questions merely the sufficiency of the pleading." *Id.* When a motion raises a facial attack, the Court must accept all the "allegations in the complaint as true," and "if those allegations establish federal claims, jurisdiction exists." *Id.* On the other hand, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When the 12(b)(1) motion factually attacks subject matter jurisdiction, "no presumptive truthfulness applies to the allegations," and the court "must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330. "In response to a Rule 12(b)(1) motion, the plaintiff bears the burden of proving jurisdiction." *E.E.O.C. v. Hosanna-Tabor Evangelical Lutheran Church & Sch.*, 597 F.3d 769, 777 (6th Cir. 2010). The United States' 12(b)(1) arguments are properly analyzed below as a factual attack on subject matter jurisdiction.

### B

Under the FTCA, tort claims against the United States are "forever barred" if the Plaintiff does not bring an administrative claim within two years of the time of injury. 28 U.S.C. § 2401(b). Ms. Warren underwent the surgery that precipitated her alleged injury on June 23, 2016

and filed suit in Floyd County Circuit Court on June 11, 2018, just inside the two-year time limitation on administrative claims. [R. 1-1.] But Ms. Warren never filed an administrative claim, and she concedes that it is presently too late for her to do so. [R. 6 at 2.] However, Ms. Warren argues that the two-year statute of limitations should be equitably tolled because she was unaware that Big Sandy Health Care and Dr. Antara Pothuloori were federal employees under the FSHCAA. *Id.* Absent equitable tolling, Ms. Warren argues she would be "deprived of her 7th amendment right to a jury trial despite the timely filing of her claim within the 2 year period initially in Floyd Circuit Court." *Id.*

The United States argues that the exhaustion requirement in the FTCA is jurisdictional prerequisite and therefore nonwaivable. [R. 4-1 at 3.] However, "[t]he question whether § 2401(b)'s exhaustion provisions constitute jurisdictional requirements divides circuits and even prompts inconsistent rulings within this circuit." *Bazzo v. United States*, 494 Fed. App'x 545, 546 (6th Cir. 2012) (collecting cases). As the Sixth Circuit noted in *Bazzo*, the Supreme Court's decision in *John R. Sand & Gravel Co. v. United States* and "an emerging trend disfavoring equitable tolling in the context of § 2401(b)" amongst the circuit courts supports the United States' argument that filing an administrative claim is a jurisdictional prerequisite. 552 U.S. 130 (2008); *Bazzo*, 494 Fed. App'x at 547. This Court need not address that issue today, because even if applicable, Ms. Warren has failed to show that she is entitled to equitable tolling.

The Court may, in its discretion, allow equitable tolling of a statute of limitations in order to prevent unjust results. As the Supreme Court has articulated, courts apply equitable tolling "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans*

*Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling is generally unavailable as a remedy where a claimant has "failed to exercise due diligence in preserving his legal rights." *Id.* Instead, equitable tolling is "sparingly" bestowed, and has generally been reserved for compelling circumstances beyond a litigant's control. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).

Generally, a Plaintiff seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). However, "[o]utside of the context of a habeas corpus suit, we look to the five-factor balancing test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), to determine whether equitable tolling is appropriate." *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 434-35 (6th Cir. 2013). *See also Menominee Indian Tribe,* 136 S. Ct. at 756, n. 2 (noting the Supreme Court has never found *Holland v. Florida*'s two-prong equitable tolling test necessarily applicable outside of the habeas context). Accordingly, to determine whether Plaintiff's claims should be allowed to proceed, the Court considers the following five-factor test:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). These factors provide guidance for the Court but are not entirely conclusive; "[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id.* As the party seeking equitable tolling of the statute of limitations, Ms. Warren bears the burden of proving she is entitled to such a measure. *See Robertson v. Simpson*, 624 F.2d 781, 784 (6th Cir. 2010).

Here, Ms. Warren claims only that she was not given notice by Highlands Regional Medical Center or Dr. Pothuloori that Dr. Pothuloori was a federal employee pursuant to FSHCAA. [R. 5 at 2.] Ms. Warren does not allege that Dr. Pothuloori or Highlands Regional intentionally misled her about that fact, nor does Ms. Warren detail any compelling circumstance that would have prevented her from finding this information herself. As the United States points out, Big Sandy Health's status as a public Health Service employee is listed on its online homepage. [R. 6 at 3; Big Sandy Health Care Inc. Homepage, http://www.bshc.org.] Likewise, a list of health centers that are federally funded and therefore can only be sued under the FTCA is readily available online. [R. 6 at 3; HRSA Health Center Program Website FTCA page, https://bphc.hrsa.gov/ftca/index.html.] Although Ms. Warren alleges that she lacked both notice and constructive knowledge of Big Sandy and Dr. Pothuloori's federal status, the fact that such information is easily obtainable online suggests that her lack of knowledge results from a lack of diligence, and cuts against her "reasonableness in remaining ignorant of [that] particular legal requirement." Ms. Warren makes no argument regarding what prejudice to the United States might result from tolling the statute of limitations, but it is apparent that should the Court toll the limitations period, the United States would be subject to all the expenses associated with discovery and trial preparation. Therefore, in light of the foregoing, the United States' Motion to Dismiss will be GRANTED.

### C

As a final matter, the Court turns to Ms. Warren's claims against Highlands Regional Medical Center. This action was removed from Floyd County Circuit Court pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(c). Section 2679(d)(2) states in relevant part:

> Upon certification by the Attorney General that the defendant was acting within
> the scope of his office or employment at the time of the incident out of which the

6

claim arose, any civil action or proceeding commenced upon such claim in State court shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. § 2679(d)(2). Section 233 provides the same. 42 U.S.C. § 233(c). Accordingly, this action was removed to this Court because the United States was a defendant. Highlands Regional is not a federal funded facility under the FSHCAA. Having dismissed Ms. Warren's claims against the United States, the Court is not aware of any jurisdictional basis by which it may retain her claims against Highlands Regional Medical Center. Therefore, claims against Highlands Regional Medical Center are REMANDED to Floyd County Circuit Court.

### III

For the foregoing reasons and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant United States' Motion to Dismiss **[R. 4]** is **GRANTED**;

2. Plaintiff Minnie Warren's claims against Defendant Highlands Regional Medical Center are **REMANDED** to Floyd County Circuit Court.

This the 24th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge